IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SEYMOUR JONES<br>*Plaintiff-Pro se* | : | CIVIL ACTION |
| | : | |
| | : | NO. 92-2155 |
| v. | : | |
| | : | |
| PHILADELPHIA FEDERAL CREDIT<br>UNION, *et al.*<br>*Defendants* | :<br>:<br>: | |

NITZA I. QUIÑONES ALEJANDRO, J.　　　　　　　　　　　　　NOVEMBER 2, 2015

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is the joint *motion to dismiss and/or motion for summary judgment* [1] filed by Philadelphia Federal Credit Union and Meredith Jeffries (collectively, "Defendants"), [ECF 39], seeking the dismissal of an *independent action pursuant to Fed. R. Civ. P. 60(d)(3)*, [ECF 12], filed by Plaintiff William Seymour Jones ("Plaintiff" or "Jones"), acting *pro se*. Plaintiff opposes the motion for summary judgment. [ECF 75, 76, and 77].[2] The parties have briefed the issues presented in their respective filings and these issues are ripe for disposition. For the reasons stated herein, Defendants' motion for summary judgment is granted, and Plaintiff's independent action is dismissed.

---

[1]　Since Defendants have filed an answer and rely, in part, on affidavits, this Court will construe the motion as one for summary judgment.

[2]　Over the course of this protracted litigation, Plaintiff filed countless other motions and other papers, some of which could be construed as addressing his underlying claims. This Court has considered each of Plaintiff's filings.

## BACKGROUND

The protracted procedural history of this matter dates more than 20 years. Briefly, on April 13, 1992, Plaintiff filed a *pro se* complaint essentially asserting that his civil rights were violated because Defendants wrongfully terminated or closed an account he had purportedly opened at the Philadelphia Federal Credit Union ("Credit Union") because he was black and/or a prison inmate. [ECF 1]. Defendants filed a motion to dismiss primarily arguing that the complaint was frivolous. [ECF 2]. By memorandum opinion dated June 3, 1992, the Honorable Donald W. VanArtsdalen dismissed all of Plaintiff's claims except his racial discrimination claim; *i.e.*, that Defendants terminated his bank account because he was black. [ECF 4]. In the memorandum opinion, Judge VanArtsdalen specifically allowed Defendants to file a renewed motion, supported by proper affidavits, addressing the remaining claim.

On July 7, 1992, Defendants filed a second motion to dismiss, which addressed Plaintiff's allegation of racial discrimination. [ECF 9]. The motion included five affidavits from members of the Credit Union, two of which were from members of the Board of Directors, who were African American. Each affidavit attested to the fact that the Credit Union does not discriminate with regard to race, color, sex, creed or national origin when accepting or rejecting applications for memberships,[3] and that the membership of the Credit Union was composed of a large number of minorities, though the exact numbers were unavailable because no such statistics were kept by the Credit Union. Construing Defendants' motion to dismiss as a motion for summary judgment, on July 17, 1992, Judge VanArtsdalen found that Plaintiff had not met his summary judgment

---

[3] As noted in Judge VanArtsdalen's opinion, under the Federal Credit Union Act, as it existed in 1992, membership in federal credit unions was "limited to groups having a common bond of occupation or association, or to groups within a well-defined neighborhood, community, or rural district." 12 U.S.C. §1759. At that time, membership in the Philadelphia Federal Credit Union was limited to employees of the City of Philadelphia and their families, a group to which Plaintiff did not belong.

2

burden because he failed to present any evidence rebutting Defendants' evidence that they did not unlawfully discriminate against Plaintiff, and granted the motion in favor of Defendants. [ECF 11]. Plaintiff did not appeal the decision.

On June 5, 2014, more than 20 years after Judge VanArtsdalen dismissed Plaintiff's racial discrimination claim on the merits, Plaintiff seeks to resurrect his claim by filing the underlying "independent action" under the saving clause of Federal Rule of Civil Procedure ("Rule") 60(d). [ECF 12]. Specifically, Plaintiff contends that defense counsel committed a "fraud on the court" by failing to tell the Court that Plaintiff did not receive certain account disclosures within ten days as required by regulations governing credit unions under the *Truth in Savings Act* (12 C.F.R. §707.4). According to Plaintiff, the alleged failure of Defendants to send him the required account disclosures (which set forth interest rates, loan rates, bonuses, etc.) proves that Defendants discriminated against him because he is black, and defense counsel's non-disclosure to the Court of this purported failure amounts to a "fraud on the court" sufficient to open the judgment under Rule 60(d).[4]

**STANDARD OF REVIEW**

Rule 56 governs the summary judgment motion practice. Fed. R. Civ. P. 56. Specifically, this Rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden

---

[4] This matter was reassigned to the undersigned by Order dated July 31, 2015. [ECF 66].

can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's contention by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Fed. R. Civ. P. 56(c)(1)(A-B). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

**DISCUSSION**

Undisputedly, courts have an inherent equitable power to vacate a judgment that has been obtained by a fraud upon the court. *Universal Oil Prods. Co. v. Root Ref. Co.*, 328 U.S. 575, 580 (1946) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)). Rule 60(d) expressly preserves the court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Although there is no statute of limitations for filing a Rule 60(d) motion/independent action[5] for fraud on the court,[6] a fraud on the court action must satisfy a very

---

[5] In *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005), the Third Circuit Court of Appeals held that "an independent action alleging fraud upon the court is completely distinct from a motion under [Federal Rule of Civil Procedure] 60(b)," and may be raised at any time. *Id.* at 389.

4

demanding standard to justify upsetting the finality of the underlying judgment.[7] To meet this demanding standard, Plaintiff must show: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."[8] This standard can only be met by "the most egregious misconduct directed to the court itself," and it "must be supported by clear, unequivocal and convincing evidence."[9] As sufficient examples, the Third Circuit Court of Appeals has pointed to bribery of a judge or jury, or fabrication of evidence by counsel, as egregious misconduct.[10]

Notwithstanding this demanding standard, Plaintiff simply relies upon the purported non-disclosure to the Court 20 years ago of a required written notice that Defendants allegedly failed to provide Plaintiff after he initially opened his bank account. Plaintiff's contention of this non-disclosure, however, does not meet the stringent standard applicable to Rule 60(d) motions/independent actions.

Numerous courts that have considered similar non-disclosures have held that the non-disclosure of allegedly pertinent facts relating to a controversy before the court does not amount to fraud on the court for purposes of setting aside a judgment pursuant to Rule 60. *See, e.g., Shaw v. AAA Eng'g & Drafting, Inc.*, 138 F. App'x 62, 72 (10th Cir. 2005) (holding as a matter of law that failure to disclose does not rise to the level of egregious conduct necessary for a fraud

---

[6] *See Hazel-Atlas*, 322 U.S. at 244.

[7] *Herring*, 424 F.3d at 386-87.

[8] *Id.* at 386.

[9] *Id.* at 387 (citations omitted); *see also Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 427 F.3d 129, 133 (1st Cir. 2005) (holding that fraud on the court refers to "an 'unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter' involving an officer of the court.'").

[10] *Herring*, 424 F.3d at 390.

on the court claim); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (denying motion to vacate judgment on the basis that "mere non-disclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud on the court . . . .'"); *Averbach v. Rival Manufacturing Co.*, 1986 WL 3111, at *4 (E.D. Pa. Mar. 12, 1986); *In re American Business Financial Services, Inc.*, 471 B.R. 354, 364 (Bankr. D. Del. 2012); *Fitzgerald v. Field*, 1998 WL 152575, at *3 (S.D.N.Y. Apr. 1, 1998); *Blumberg v. NSSI Liquidating Trust*, 2009 WL 2998516, at *6 (N.D. Tex. Sept. 16, 2009). This Court is guided by these holdings and opines that there can be no fraud on the Court sufficient to open the judgment under Rule 60(d) unless Defendants' counsel made an affirmative misrepresentation to the Court. Plaintiff has not alleged any such affirmative misrepresentation. Therefore, Plaintiff has not met the demanding standard necessary to sustain an independent action under Rule 60(d).

In addition, Plaintiff has not presented any evidence, much less the "clear, unequivocal and convincing evidence" required by *Hazel-Atlas*, demonstrating the existence of a "deliberately planned and carefully executed scheme" by a court officer (here, defense counsel) to defraud the Court. Defense counsel's alleged failure to inform the Court that Defendants had not provided an account disclosure to Plaintiff simply does not evidence a deliberate scheme to deceive the Court.

Moreover, even if Defendants' counsel had some duty to disclose to the Court the alleged failure to provide Plaintiff the bank account disclosures at issue, such disclosure would not have altered the outcome here. According to his opinion, Judge VanArtsdalen found that Defendants presented ***unrefuted*** evidence that Plaintiff's account at the Credit Union was terminated, not because of his race, but because Plaintiff did not meet the qualifications for membership at the banking institution. The bank account disclosures that Plaintiff now contends Defendants failed

to send him merely provided new credit union members interest rate and fee information. *See* 12 C.F.R. §707.4. Whether Defendants provided Plaintiff the bank account disclosures has no bearing on whether Defendants discriminated against Plaintiff based on his race when his account was closed. Defendants' purported failure to provide Plaintiff account disclosures pertaining to interest rates falls far short of the evidence needed to sustain Plaintiff's burden of showing that Defendants' actions were unlawfully discriminatory. Accordingly, Plaintiff has not, and cannot, meet the demanding standard required to open the judgment under Rule 60(d).

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is granted and Plaintiff's independent action filed under Federal Rule of Civil Procedure 60(d) is dismissed. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.